# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LINDA MARRS,

    *Plaintiff,*

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    *Defendant.*

Case No. 6:12-CV-01161-EFM

## MEMORANDUM AND ORDER

Plaintiff Linda Marrs seeks review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff claims that the Commissioner's decision should be reversed because the ALJ failed to do a proper drug abuse and alcoholism analysis and erred in finding that Plaintiff's drug use was a material factor to her disability. Plaintiff also claims that the ALJ failed to conduct a proper credibility analysis. Because the Commissioner's finding that Plaintiff's drug use was a material factor to her disability was not supported by substantial evidence, the Court reverses and remands this case for further consideration.

## I. Factual and Procedural Background

Plaintiff was born in 1967. Prior to her alleged disability, Plaintiff worked as a wire harness assembler. Plaintiff did not engage in substantial gainful activity during the period of review.

In her applications for disability and supplemental security income, Plaintiff alleged a disability onset date of July 29, 2009. Plaintiff's insured status expires on December 31, 2014. Plaintiff alleges disability during this time period primarily due to depression and bipolar disorder. The agency denied Plaintiff's application both initially and upon reconsideration. Plaintiff subsequently requested a hearing before an ALJ.

The ALJ held an administrative hearing on November 10, 2010. During the hearing, Plaintiff testified regarding her medical conditions. On February 16, 2011, the ALJ issued his decision finding that Plaintiff was not under a "disability" as defined in the Social Security Act because she could perform other work. Plaintiff sought reconsideration of the ALJ's decision, which the Appeals Council denied on March 9, 2011. Accordingly, the ALJ's decision stands as the final decision of the Commissioner, and this Court has jurisdiction to review the decision.

## II. Legal Standard

Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Upon review, the Court must determine whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standard.[1] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a

---

[1] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

scintilla, but less than a preponderance."[2]  The Court is not to reweigh the evidence or substitute its opinion for the ALJ.[3]  The Court must examine the record as a whole, including whatever in the record detracts from the ALJ's findings, to determine if the ALJ's decision is supported by substantial evidence.[4]  Evidence is not substantial if it is overwhelmed by other evidence or if it is a mere conclusion.[5]

To establish a disability, a claimant must demonstrate a physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months and an inability to engage in any substantial gainful work existing in the national economy due to the impairment.[6]  The ALJ uses a five-step sequential process to evaluate whether a claimant is disabled.[7]  The claimant bears the burden during the first four steps.[8]

In steps one and two, the claimant must demonstrate that he is not presently engaged in substantial gainful activity and that he has a medically severe impairment or combination of impairments.[9]  "At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits."[10]  If, however, the claimant does not establish an impairment at step three, the process continues.  The ALJ

---

[2] *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

[3] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

[4] *Wall*, 561 F.3d at 1052 (citing *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

[5] *Id.* (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005)); *see also Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

[6] 42 U.S.C. § 1382c(3)(A); *see also id.* § 423(d)(1)(A).

[7] 20 C.F.R. § 404.1520(a); *see also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[9] *Id.*

[10] *Id.*

assesses the claimant's residual functioning capacity ("RFC"), and at step four, the claimant must demonstrate that his impairment prevents him from performing his past work.[11] The Commissioner has the burden at the fifth step to demonstrate that work exists in the national economy within the claimant's RFC.[12] The RFC assessment is used to evaluate the claim at both steps four and five.[13]

### III. Analysis

The ALJ's disability determination is divided into two parts. First, the ALJ analyzed whether Plaintiff was disabled considering all of her impairments, including her substance use. At steps one and two, the ALJ found Plaintiff was not engaged in substantial gainful activity and that she had the medically "severe" impairments of bipolar disorder and substance use of marijuana. At step three, the ALJ determined that Plaintiff's conditions did not meet or equal a listed impairment. After formulating Plaintiff's RFC, which stated that due to Plaintiff's substance use, Plaintiff would not be able to complete a normal workday or workweek, the ALJ found under step four that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that there are no jobs in the national economy that Plaintiff could perform.

Next, the ALJ analyzed whether Plaintiff would still be disabled if she stopped her substance use. In that case, the ALJ determined that at step two, Plaintiff would still have the severe impairment of bipolar disorder. At step three, the ALJ determined that Plaintiff's impairment did not meet or equal a listed impairment. After formulating Plaintiff's RFC, the

---

[11] *Id.*; *see also* 20 C.F.R. § 416.920(a)(4)(iv).

[12] *Id.*; *see also* 20 C.F.R. § 416.920(a)(4)(v).

[13] *See* 20 C.F.R. § 404.1520(a)(4)(iv)–(v).

ALJ determined at step four that Plaintiff could perform her past relevant work as a wire harness assembler. Consequently, the ALJ found that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred because he failed to conduct the proper drug abuse and alcoholism analysis and because he found that Plaintiff's drug use was a material factor to her disability. Plaintiff also argues that the ALJ failed to conduct a proper credibility analysis.

**A.     The ALJ's Drug Abuse and Alcoholism Analysis**

Under 42 U.S.C. § 423(d)(2), drug abuse or alcoholism may not serve as a basis for a disability determination. In adjudicating a claim for disability that involves drug abuse or alcoholism, an ALJ must first determine whether the claimant is disabled considering all of the claimant's impairments, including drug abuse or alcoholism.[14] If the claimant's impairments are disabling, the ALJ must then make a determination whether the claimant would be disabled if the claimant stopped abusing drugs or alcohol.[15] If so, then the alcohol or drug abuse is not a contributing factor material to the finding of disability.[16] If however, the claimant's remaining impairments would not be disabling without the alcohol or drug abuse, then the alcohol or drug abuse is a contributing factor material to the finding of disability.[17]

Here, Plaintiff challenges the ALJ's finding that she would not be disabled if she stopped her substance abuse. Plaintiff contends that the ALJ did not use substantial evidence to show that, without the effects of drug use, Plaintiff was not disabled. The Court agrees.

---

[14] 20 C.F.R. §§ 404.1535, 416.935.

[15] *Id.*

[16] *Id.*

[17] *Id.*

In *Salazar v. Barnhart*,[18] the Tenth Circuit addressed a teletype sent out by the Commissioner addressing 42 U.S.C. § 423(d)(2). The Tenth Circuit summarized the teletype as follows:

> Shortly after the law [42 U.S.C. § 423(d)(2)] was amended, the Commissioner sent out a teletype on applying the new law, which speaks to situations where a claimant has one or more other mental impairments in addition to DAA [drug addiction or alcoholism]. It stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is not a contributing factor material to the disability determination.
>
> . . .
>
> With regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is not a contributing factor material to the disability determination.
>
> . . .
>
> Further, the Commissioner's teletype instructs that where the record is devoid of any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she stopped using drugs or alcohol, an ALJ should "find that DAA is not a contributing factor material to the determination of disability."[19]

As in *Salazar*, the ALJ in this case has not cited any medical reports, opinions, or projections as to Plaintiff's remaining limitations if she stopped using drugs. It appears that the record is not clear what Plaintiff's limitations would be minus the effects of drug use. The only medical opinions in the record are those by DDS psychologists who did not address Plaintiff's limitations absent drug use. Furthermore, the only period of sobriety discussed in the record appears to be one week in 2009 when Plaintiff started treatment with Comcare. In that visit,

---

[18] 468 F.3d 615 (10th Cir. 2006).

[19] *Salazar*, 468 F.3d at 623, 624.

Plaintiff indicated that her depression has increased and her current medication was no longer effective. When the record is devoid of any medical or psychological report, opinion, or projection as to a claimant's limitations if the claimant stopped using drugs or alcohol, the ALJ should find that drug and alcohol abuse is not a contributing factor material to the determination of disability.[20] In the absence of any assessment regarding Plaintiff's limitations without her substance use, but with the severe impairment of bipolar disorder, substantial evidence does not support the ALJ's findings. The Court remands this case for the ALJ to review the medical evidence regarding Plaintiff's limitations absent drug use.

### B. The ALJ's Credibility Determination

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.[21] Furthermore, an ALJ cannot ignore evidence favorable to the plaintiff.[22]

The Court will affirm an ALJ's credibility determination that does not rest on mere boilerplate language but instead is linked to specific findings of fact fairly derived from the record.[23] Although the Court will not reweigh the evidence or substitute its judgment for that of the ALJ, the ALJ's conclusions must be reasonable and consistent with the evidence.[24] The

---

[20] *Id.*

[21] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

[22] *Owen v. Chater*, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

[23] *White v. Barnhart*, 287 F.3d 903, 909–10 (10th Cir. 2002).

[24] *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *White*, 287 F.3d at 905, 908; see also *Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994).

Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[25]

When evaluating a claimant's allegations of pain, the ALJ must consider (1) whether claimant established a pain-producing impairment by objective medical evidence, (2) whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain, and (3) whether considering all the evidence, both objective and subjective, claimant's pain is in fact disabling.[26] Factors that may be relevant in assessing the claimant's testimony include the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subject measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.[27]

Here, the ALJ found that Plaintiff's testimony regarding her physical and mental impairments was less than credible. The ALJ questioned Plaintiff's credibility based on her limited treatment, her reason for leaving her last job, and her receipt of unemployment benefits. Plaintiff contends that this credibility analysis was not proper because the ALJ did not address the factors relevant in assessing a claimant's testimony as set forth in *Luna*. The Court disagrees.

---

[25] *Oldham v. Astrue*, 509 F.3d 1254, 1257–1258 (10th Cir. 2007).

[26] *See Kepler*, 68 F.3d at 390–91; *Thompson v. Sullivan*, 987 F. 2d 1482, 1488–89 (10th Cir. 1993); *Luna v. Bowen*, 834 F.2d 161, 163–65 (10th Cir. 1987).

[27] *Thompson*, 987 F.2d at 1489 (citing *Luna*, 834 F.2d at 166); Social Security Ruling 96-7p.

Although the court in *Luna* provided a list of factors for an ALJ to consider in assessing a claimant's testimony, this list is not exhaustive.[28] Furthermore, the courts do not require the ALJ to take a formalistic factor-by-factor approach in making a credibility determination.[29] Instead, the ALJ is only required to set forth the specific evidence he relies on in evaluating the claimant's credibility.[30]

Here, the ALJ articulated specific reasons for finding Plaintiff's testimony not credible, which are affirmatively linked to evidence in the record. The ALJ properly considered the extensiveness of Plaintiff's attempts to obtain relief and the frequency of her medical contact—both of which are *Luna* factors—in finding that Plaintiff received minimal treatment for her mental impairments. Indeed, the record shows that Plaintiff only attended four therapy sessions with the last one being in February 2010. The ALJ also stated that the Plaintiff left her previous employment for reasons other than her alleged mental impairments. While Plaintiff argues that her medical conditions played a role in her termination, the human resources manager at her previous employer stated that she was laid off due to a "reduction in force."[31] The manager also stated that Plaintiff had no limitations or impairments in the ability to perform her job. As Defendant asserts, the fact that Plaintiff stopped working for non-medical reasons suggests that her continued unemployment may be unrelated to her medical conditions. Finally, the ALJ noted that Plaintiff applied for unemployment benefits and continued to look for work. This is significant in making a credibility determination because while Plaintiff was alleging to the

---

[28] *Luna*, 834 F.2d at 166.

[29] *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[30] *Id*.

[31] Request for Information, Doc. 10-6, p. 65.

Social Security Administration that she was disabled and unable to work, she was also alleging to the labor department that she was able to work to receive unemployment benefits.[32] These contradictory assertions "constitute evidence that [Plaintiff's] allegations regarding disability are not credible, and that [she] may also make other incredible allegations regarding his symptoms in order to receive benefits."

In sum, the ALJ conducted a proper credibility analysis. The Court will not reweigh the evidence or substitute its judgment for that of the ALJ.[33] The Court has reviewed the record and finds that substantial evidence supports the ALJ's credibility finding.

**IT IS ACCORDINGLY ORDERED** this 11th day of February, 2014, that judgment of the Commissioner is REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[32] *Marshall v. Astrue*, 2011 WL 3440081, at *11 (D. Kan. Aug. 8, 2011).

[33] *Hackett*, 395 F.3d at 1173.